**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

TYLER BECHTEL,

   Plaintiff,                                :       Case No. 2:20-cv-1555

   -vs-                                           Judge Sarah D. Morrison
                                                Magistrate Judge Chelsey M. Vascura

NEUTRON HOLDINGS, INC., *et al*.,
                                                 :

   Defendants.

**OPINION AND ORDER**

This matter comes before the Court on Defendant Neutron Holdings, Inc.'s Objection (ECF No. 26) to the Magistrate Judge' Order (ECF No. 22) granting Plaintiff Tyler Bechtel's Motion for Leave to File an Amended Complaint (ECF No. 21), Plaintiff's Response in Opposition (ECF No. 29), and Defendant's Reply (ECF No. 36). The Court finds that oral argument would not aid the decisional process. *See* Local Rule 7.1(b)(2). For the reasons that follow, the Court **OVERRULES** Defendant's Objection and **ADOPTS in part** the Magistrate Judge's Order.

**I.  BACKGROUND**

Plaintiff Tyler Bechtel, a resident of Ohio, alleges that he was injured on June 22, 2019, when an electric scooter he was riding suffered a structural failure, causing the scooter to break into two pieces. (Compl., ¶¶ 7, 31–40, ECF No. 2.) The incident occurred in Columbus, Ohio. (*Id.* ¶ 34.) According to the Complaint, the scooter was owned, manufactured, and supplied by Defendant Neutron Holdings, Inc. dba Lime ("Lime"), a Delaware corporation with its principal place of business in California. (Notice, ¶ 11, ECF No. 1.) The John Doe Defendants named in the Complaint are the "juicers" who picked up the alleged defective Lime scooter on June 21,

1

2019 in order to re-charge it and return it to the street for consumer use on June 22. (Compl., ¶ 11.) Plaintiff claims that the John Doe Defendants were also tasked with inspecting the scooters, and keeping damaged scooters off the streets, which they failed to do in this instance. (*Id.* ¶¶ 13–14.) According to the Complaint, the John Doe Defendants are "employee(s) and/or servant(s) and/or agents and/or contractors" of Lime. (*Id.* ¶ 1.)

On February 21, 2020, Plaintiff filed a Complaint in the Franklin County Court of Common Pleas, Case No. 20CV001455, alleging claims for negligence, gross negligence, negligent hiring, and product liability. (ECF No. 2.) In naming the John Doe Defendants, Plaintiff noted that the "current identity(ies) and address(es) is/are unknown, but . . . are reasonably expected to be in Franklin County, Ohio." (*Id.* ¶ 1.) Shortly thereafter, Lime removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441. (ECF No. 1.) On April 17, Lime filed an Answer (ECF No. 14) and a Motion to Compel Arbitration (ECF No. 13), denying Plaintiff's allegations and maintaining that the dispute must be arbitrated pursuant to Lime's User Agreement.

Following a preliminary pretrial conference on April 20, the Magistrate Judge gave Plaintiff until July 27, 2020 to substitute the real names and effect service on the John Doe Defendants. (ECF No. 15.) The Magistrate Judge also stayed discovery—with the exception of discovery related to identifying the John Doe Defendants—and briefing on Plaintiff's Motion to Compel Arbitration until the Court could determine whether substitution for the John Doe Defendants destroyed diversity jurisdiction. (*Id.*) On July 15, Plaintiff filed a Motion for Leave to File an Amended Complaint to substitute the names and identifying information of the original John Doe Defendants as Francis Soto and Michael Smith, both Ohio residents with Columbus addresses. (ECF No. 21.) Absent that substitution, the original and amended complaints are

identical. The Magistrate Judge granted Plaintiff's Motion, finding it timely pursuant to her previous Order. (ECF No. 22.) The Magistrate Judge then ordered the parties to show cause why the action should not be remanded to state court for lack of subject matter jurisdiction. (*Id*.)

On July 30, Lime filed an Objection to the Magistrate Judge's Order. (ECF No. 26.) Lime argues that the Magistrate Judge erred in granting Plaintiff's Motion for three reasons: (1) she was required to issue a report and recommendation not a dispositive order on Plaintiff's Motion; (2) she failed to allow Defendant time to respond to Plaintiff's Motion before issuing her Order; and (3) she failed to analyze Plaintiff's request under the appropriate statutory authority. Plaintiff filed his Response in Opposition (ECF No. 29) on August 13, and Lime filed a Reply on August 27 (ECF No. 36).

## II. STANDARD OF REVIEW

Plaintiff argues that this Court should vacate the Magistrate Judge's Order (ECF No. 22) and direct her to consider Lime's written Opposition to Plaintiff's Motion and issue a report and recommendation. The Court declines this invitation. For the purpose of judicial efficiency, the Court will instead construe the Magistrate Judge's July 16 Order as a report and recommendation and review the ruling de novo. *See Wiggins v. Kimberly-Clark Corp*., No. 3:12-CV-115-PLR-CCS, 2015 WL 461625, at *4 (E.D. Tenn. Feb. 3, 2015) (construing the magistrate judge's memorandum and order granting the plaintiff's motion to amend as a report and recommendation and reviewing de novo where the addition of new parties would destroy diversity).

When a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

3

72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**III.    ANALYSIS**

As a general rule, diversity is determined at the time a lawsuit is filed. *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 540 (6th Cir. 2006). However, the Sixth Circuit counsels that "in a situation such as this where an amended complaint is filed to include the identity of [] previous unidentified defendant[s], diversity must be determined at the time of the filing of the amended complaint." *Id.*

While Fed. R. Civ. P. 15(a) generally governs amendments of complaints, it does not apply to post-removal amendments that would add a non-diverse defendant, divesting a court of subject matter jurisdiction. *Colletti v. Menard, Inc.*, No. 14-cv-13538, 2015 WL 404356, at *2 (E.D. Mich. Jan. 29, 2015). Instead, 28 U.S.C. § 1447(e) governs those efforts. *Id.* Pursuant to § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." This section also applies to the identification of fictitious defendants after removal. *Curry*, 462 F.3d at 541. "The general impetus for applying § 1447(e) is for the trial court to use its discretion and determine if allowing joinder would be fair and equitable." *City of Cleveland v. Deutsche Bank Trust Co.*, 571 F. Supp. 2d 807, 823 (N.D. Ohio 2008) (internal quotations omitted). In making that assessment, courts consider four factors (the "*Hensgens* factors"):

> (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in seeking amendment, (3) whether the plaintiff will be significantly injured if amendment is not allowed and (4) any other equitable factors.

*Collins ex rel Collins v. Nat'l General Ins. Co.,* No. 10–13344, 2010 WL 4259949, at *2 (E.D.

4

Mich. Oct. 25, 2010) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)); *Telecom Decision Makers, Inc. v. Access Integrated Networks, Inc.,* 654 F'Appx 218, 221 (6th Cir. 2016).

The first *Hensgens* factor holds the most weight. *City of Cleveland*, 571 F. Supp. 2d at 823. The Court must determine whether "the primary purpose of the proposed joinder is to oust the case from the federal forum." *J. Lewis Cooper Co. v. Diageo North America, Inc.,* 370 F. Supp. 2d 613, 618 (E.D. Mich. 2005). Lime argues that Plaintiff seeks to add Messrs. Soto and Smith solely to destroy diversity jurisdiction where complete relief can already be obtained against Lime alone. Lime points to Plaintiff's representation at the preliminary pretrial conference that "it was 'very likely' that the Doe Defendants were citizens of Ohio" as evidence of Plaintiff's singular motive. (ECF No. 15.) The Court disagrees.

Plaintiff was transparent from the filing of the case in state court that the named John Does were very likely Ohio residents, and thus substituting the real parties when their identities were learned would destroy diversity jurisdiction. (Compl., ¶ 1.) Moreover, Plaintiff would have included the names and addresses of the John Doe Defendants in the original complaint but for Lime being the only one with that information, hence the limited discovery ordered by the Magistrate Judge in this case. Lime does not suggest, nor could it reasonably, that Plaintiff should have known the identifies of the John Doe Defendants at the time he filed the original complaint. *Cf. Kunkel v. CUNA Mut. Ins. Soc.*, No. 2:11-cv-492, 2011 WL 4948205, at *3 (S.D. Ohio Oct. 18, 2011) (denying amendment where it was clear the plaintiff knew the defendant's identity at the time the original complaint was filed).

The Court is also not persuaded that a bad faith motive is evidenced by Plaintiff's knowledge that the Lime scooter User Agreement requires arbitration between Plaintiff and Lime

5

only, making Messrs. Soto and Smith nominal defendants. As Plaintiff points out, the Complaint identifies Messrs. Soto and Smith as "employee(s) and/or servants(s) and/or agents and/or contractors" of Lime and seeks to hold them liable for negligence through a theory of vicarious liability *and* alternatively as independent contractors. (Compl., ¶¶ 1, 46–89, 96–100.) The available case law suggests that Lime and similar electronic scooter companies generally consider those in Messrs. Soto and Smith's positions to be independent contractors. *See Labowitz v. Bird Rides, Inc.* No. CV 18-9329-MWF, 2020 WL 2334116, at *4 (C.D. Cal. Mar. 31, 2020) ("The Electric Vehicle Defendants engage independent contractors to locate Electronic Vehicles with depleted batteries or other maintenance needs, who can then recharge the batteries or otherwise fix the vehicles . . . ."); *Olabi v. Neutron Holdings, Inc.*, 264 Cal. Rptr. 3d 585, 587 (Cal. Ct. App. 2020) (noting that those who collect and deploy Lime scooters are classified as independent contractors).

Additionally, Lime's continued reliance on the analysis in *Lawson v. Lowe's Home Ctrs., LLC*, No. 5:13-374-KKC, 2015 WL 65117 (E.D. Ky. Jan. 5, 2015) is misplaced. In *Lawson*, the plaintiff sought to amend the complaint to substitute for "Unknown Defendant" four non-diverse Lowe's employees that she sought to hold accountable for an injury caused while shopping at Lowe's. *Id.* at *4. The court found the fact that the plaintiff had twice filed a motion to remand simultaneously with an amended complaint suggested that her purpose was to defeat federal jurisdiction. *Id.* Nevertheless, the court also acknowledged that because the plaintiff's original complaint included an "Unknown Defendant" and she learned the identities of the employees through discovery, "courts have found similar circumstances compelling in permitting joinder." *Id; see Glover v. Kia Motors America, Inc.*, No. 2:17-cv-2825, 2018 WL 1976033, at *5 (W.D. Tenn. Apr. 25, 2018) (explaining that the first factor generally favors amendment where the

6

plaintiff names John Doe defendants and then seeks to amend the complaint to correctly name the defendants when discovery reveals their identities). Lime cites to no other district court cases in the Sixth Circuit where a court has denied a plaintiff's motion to amend with facts similar to the instant case. *See, e.g., Tolley v. Menard, Inc.*, No. 3:17-cv-157, 2018 WL 334382, at *2 (S.D. Ohio Jan. 8, 2018) (finding the first factor favored amendment where the original complaint named the new defendant as a John Doe and contained identical allegations regarding his involvement in the incident that caused the plaintiff's injury, therefore "intend[ing] to bring a claim against [the newly identified defendant] from the outset of th[e] case"). To the extent *Lawson* is at all persuasive, this case is distinguishable. The first factor heavily weighs in favor of allowing the amendment.

The second factor also weighs in Plaintiff's favor; he has not been dilatory in seeking amendment. Rather, Plaintiff sought leave to amend the complaint in order to identify the John Doe Defendants named in the original complaint approximately three months after the Complaint was filed and well before the Magistrate Judge's extended deadline.[1] Lime concedes this factor.

As to the third *Hensgens* factor, Lime argues that Plaintiff will not be significantly injured if the amendment is denied because he has alleged vicarious theories of liability as to Messrs. Smith and Soto and ultimately seeks to hold Lime responsible for any alleged negligence. The Court has already discussed the flaw in this argument. Unlike other cases, including the laundry list cited by Lime (Obj., 15, ECF No. 26), where there is a clear employer-employee relationship, or the corporate defendant has conceded liability for the acts or omissions of the individual defendants, there is still a legitimate question regarding whether Messrs. Soto

---

[1] Although Plaintiff filed its Motion for Leave to file an Amended Complaint by the Magistrate Judge's original July 27 deadline, he had previously moved and was granted an extension of such deadline until August 27. (See ECF Nos. 19, 20.)

and Smith can be held independently liable from Lime in this case. If Messrs. Soto and Smith are found to be independent contractors, Plaintiff is not afforded complete relief without the addition of these Defendants.

Plaintiff also raises the prejudice of not being able to litigate against all Defendants at once in the same forum if his Motion is denied. However, this argument is undercut by the likelihood of Plaintiff having to resolve his dispute in two forums regardless of this Court's decision—one in state or federal court and one in arbitration. The Sixth Circuit recognizes that piecemeal litigation of this nature "is a necessary and inevitable consequence of the [Federal Arbitration Act's] policy that strongly favors arbitration." *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 202 (6th Cir. 2001). Despite this inevitable outcome, the third factor still favors allowing the amendment.

The fourth and final factor is a catch-all that instructs courts to consider any other equitable factors it deems relevant to the analysis. Lime argues that the Court should consider that it has a substantial interest in proceeding in a federal forum and in particular where there is an enforceable arbitration agreement under the FAA at issue.

According to Lime, remand would unfairly subject Lime, a non-citizen of Ohio, to a lawsuit against an Ohio resident in an Ohio state court. The Court recognizes that a diverse defendant generally has a cognizable interest in selecting a federal forum. *J Lewis Cooper*, 370 F. Supp. 2d at 618. However, this "home-court advantage" argument is negated in part by the fact that Lime's co-defendants here are also Ohio residents. Lime's federal forum interest is also counterbalanced at least to some degree by Plaintiff's right to "fashion [his] lawsuit, select [his] causes of action, and advance theories against the parties of [his] choosing." *Id.* With regards to Lime's argument that the state court will have "far less incentive to properly enforce the [FAA]"

8

the undersigned has full confidence in the state court's ability to apply a valid arbitration agreement and follow the law. (Obj., 17.) The fourth *Hensgens* factor is neutral.

The Court finds that the factors guiding its discretion under 28 U.S.C. § 1447(e) favor granting Plaintiff's Motion for Leave to File an Amended Complaint to substitute Francis Soto and Michael Smith for the John Doe Defendants in this action. Because adding these Defendants will defeat the Court's jurisdiction, the matter must be remanded to state court.

### IV. CONCLUSION

For the reasons stated herein, the Court **OVERRULES** Lime's Objection (ECF No. 26) and **ADOPTS** the Magistrate Judge's recommendation (ECF No. 22) granting Plaintiff's Motion for Leave to file an Amended Complaint (ECF No. 21). The Amended Complaint (ECF No. 23) is deemed filed on the date of this Opinion and Order. The Court **VACATES** the Magistrate Judge's recommendation (ECF No. 22) requiring the parties to show cause why this case should not be remanded to state court. The case is **REMANDED** to the Franklin County Court of Common Pleas. The Clerk is **DIRECTED** to **TERMINATE** this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
SARAH D. MORRISON
UNITED STATES DISTRICT JUDGE